UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES M. ROSSER, et al.

      Plaintiffs,

vs.

A & S CONTRACTING, INC., et al.,

      Defendants.

Case No. 2:15-cv-00711
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

## OPINION & ORDER

This matter is before the Court on Defendant A & S Contracting, Inc.'s Motion to Release Unclaimed Settlement Funds. (ECF No. 23.) On March 28, 2016, the Court approved the parties' joint Settlement Agreement as resolution of Plaintiff's claims alleging failure to pay overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") and related state statutes. (ECF No. 22.) The agreement provided for a total settlement amount of $19,000 to be distributed among named Plaintiff and Opt-Ins James M. Rosser, Ryan Daniel Rosser, Evan Perry, Jr., and Joseph Kopis, with $1,000 of the total to be awarded to Mr. Kopis. (Settlement Agreement, ECF No. 20-1.) Defendant asserts that Mr. Kopis has failed to claim his portion of the settlement funds and has not responded to attempts by Defendant's counsel to reach him. Defendant therefore asks that the unclaimed funds revert back to Defendant, or in the alternative either be paid to a *cy pres* charity, held by the Clerk of Courts, or turned over to the Ohio Division of Unclaimed Funds. The time to respond to Defendant's Motion has passed and Plaintiff has not filed any response.

The Settlement Agreement does not specify how any unclaimed or excess funds are to be distributed, but gives the Court jurisdiction to enforce the terms of the Settlement Agreement.

(Settlement Agreement ¶ 45.) Federal courts have broad discretionary powers in shaping equitable decrees for distributed unclaimed class action funds. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 827 (6th Cir. 2006) (abrogated on other grounds) (citing *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990)). This discretionary power includes several options for distribution, including: 1) distribution among other class members, 2) reversion to defendants, 3) escheat to the government, or 4) *cy pres* distribution. *See Six (6) Mexican Workers*, 904 F.2d at 1307; *see also Everett*, 460 F.3d at 827. The court's choice among distribution options should be guided by the objectives of the underlying statute and the interests of the silent class members. *Lessard v. City of Allen Park*, 470 F. Supp. 2d 781, 782–83 (E.D. Mich. 2007) (citing *Six Mexican Workers*, 904 F.2d at 1307.)

Here, distribution among the other class members is not feasible. The Settlement Agreement states that the "individual allocations to the named Plaintiffs and Opt-Ins are based on Plaintiffs' counsel's estimate of the respective monetary value of their claims and consultation with the individual Plaintiffs concerning their respective damages." (Settlement Agreement ¶ 20.) Given the fact that the other plaintiffs were already compensated in proportion to their damages, and that Plaintiffs did not file a response in support of their position, a second distribution is not warranted. Moreover, the small amount of the unclaimed funds makes this option less practical. *See Lessard*, 470 F. Supp. 2d at 783 (noting that the administrative cost of a second distribution often exceeds the small amount of funds and is not practical).

Reversion to the Defendant is also not appropriate. Defendant argues that the $1,000 should revert back to Defendant because the cost of administering the alternatives would exceed the value of the funds. (ECF No. 23 at 2.) Although the Sixth Circuit has cited the possibility of returning unclaimed funds to the defendants of class action suits in certain situations, those

circumstances not presented here. *Everett*, 460 F.3d at 827. Reversion to a defendant may be appropriate when "the unclaimed funds indicate the likelihood of smaller damages among the class than was originally contemplated" or when the Defendant acted in good faith. *Lessard*, 470 F. Supp. 2d at 783; *Wilson v. Sw. Airlines, Inc.*, 880 F.2d 807, 815 (5th Cir. 1989). Here, reversion to the Defendant does not support the equitable and deterrent objectives of the underlying statute or the interests of the silent class members.

That leaves escheat to the government or a *cy pres* distribution. Generally, if the unclaimed funds are not directed to one party or another, they are distributed *cy pres*—i.e. to whatever would be the next best use of the money to carry out the intent of the fund. *Id.* at 783. Cy pres is often preferred over escheat to the government. *See* American Law Institute, Principles of the Law of Aggregate Litigation § 3.07 cmt. b ("A *cy pres* award to a recipient whose interests closely approximate those of the class is preferable to either [escheat to the state or reversion to the defendant].") In making a *cy pres* distribution, courts look "favorably on distributions to charities that offer services that are related to the plaintiffs of a class action." *Id.* (citing *Newberg on Class Actions*, § 10:16 n. 1). *Cy pres* thus presents the better option in this case, as it satisfies the deterrence goals of the FLSA underlying this case and provides a mechanism through which to provide an indirect benefit to the class members. *See Mace v. VanRu Credit Corp.*, 109 F.3d 338, 345 (7th Cir. 1997).

"The Courts when feasible, should require the parties to identify a recipient whose interests reasonably approximate those being pursued by the class." Principles of the Law of Aggregate Litigation at § 3.07(c). However, "For small amounts, a court may be more inclined to approve an organization as a recipient without an extensive search of available entities, whereas a more exacting search will be required when more money is at stake." *Id.*; *see also In re*

*BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1066 (8th Cir. 2015) ("[U]nless the amount of funds to be distributed *cy pres* is de minimis, the district court should make a *cy pres* proposal publicly available and allow class members to object or suggest alternative recipients before the court selects a *cy pres* recipient.") Here, given that the amount of unclaimed funds is de minimus, only $1,000, and neither party has proposed a particular cy pres organization, the Court will designate an appropriate recipient based on the particular facts of this case.

The Court hereby designates Southeastern Ohio Legal Services ("SEOLS") as the *cy pres* recipient of the funds. Plaintiffs all reside in the southeastern region of Ohio. (*See* ECF Nos. 1, 16, 18.) Generally, geographic scope should be a consideration in the selection of a *cy pres* recipient. *In re Polyurethane Foam Antitrust Litig.*, 178 F. Supp. 3d 621, 625 (N.D. Ohio 2016). SEOLS is a nonprofit Ohio organization that gives legal help without attorney fees to people with low income and limited savings and assets. In addition to provide civil legal aid for employment problems, SEOLS also provides services relating to health benefit issues, school problems, housing issues, utility questions, family law problems, consumer problems, cash benefit issues and other issues. "[W]hile use of funds for purposes closely related to their origin is still the best cy pres application, the doctrine of cy pres and courts' broad equitable powers now permit use of funds for other public interest purposes by educational, charitable, and other public service organizations . . ." *Superior Beverage Co. v. Owens-Illinois, Inc.*, 827 F. Supp. 477, 479 (N.D. Ill. 1993) The Court finds that the interests of SEOLS reasonably approximate those being pursued by the class.

For the reasons stated above, Defendant's Motion is **GRANTED in part** and **DENIED in part**. Defense counsel shall pay the unclaimed settlement funds in the amount of $1,000.00 to the Southeastern Ohio Legal Services. The claims of class member Joseph Kopis are hereby

4

dismissed with prejudice.

    **IT IS SO ORDERED.**

2-17-2017
DATE

JUDGE EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**